989 F.2d 498
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John C. BOYD, Plaintiff-Appellant, Cross-Appellee,
v.
CENTRAL OHIO JOINT VOCATIONAL SCHOOL DISTRICT,
Defendant-Appellee, Cross-Appellant,
Brian R. O'Mara, Defendant-Appellee.
 Nos. 92-3193, 92-3263.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1993.
 
 1
 Before KEITH and SILER, Circuit Judges, and WOODS, District Judge.*
 
 ORDER
 
 2
 Plaintiff, John C. Boyd, a pro se litigant, appeals from a judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1981. Defendant Central Ohio Joint Vocational School District cross-appeals from an order of the district court granting Boyd's motion for an extension of time in which to file his notice of appeal. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The notice of cross-appeal omitted the name of Brian O'Mara. Therefore, only Central Ohio Joint Vocational School District is before us on the cross-appeal. See Minority Employees v. Tennessee Dep't of Employment Security, 901 F.2d 1327 (6th Cir.), cert. denied, 111 S.Ct. 210 (1990).
 
 
 4
 We review a district court's grant of a motion for an extension of time in which to file a notice of appeal for an abuse of discretion. Barnes v. Cavazos, 966 F.2d 1056, 1061 (6th Cir.1992). We find no abuse of discretion. Boyd was apparently engaged in a good faith effort to obtain counsel. Further, Boyd promptly filed his motion for an extension of time upon discovering he had but thirty days in which to file a notice of appeal.
 
 
 5
 Boyd's complaint alleged that the defendants denied him a position as an auto body repair instructor because of his race. The defendants filed a motion for summary judgment which the district court granted despite Boyd's response.
 
 
 6
 On appeal, Boyd raises two issues. First, he contends that summary judgment was improperly granted. Second, he contends that he was not allowed discovery.
 
 
 7
 As to the latter, we find no merit in Boyd's argument. Boyd had approximately one year in which to conduct discovery before defendants' motion for summary judgment was filed. Further, Boyd filed no motions to compel discovery or for an extension of time in which to conduct discovery. Therefore, there is nothing within the record for this court to review on that issue. Additionally, we decline to address an issue that was not presented to the lower court. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991).
 
 
 8
 Under de novo review, we conclude that the defendants were properly granted summary judgment. Assuming that Boyd made out a prima facie case of discrimination, the burden shifted to defendants to articulate a legitimate, nondiscriminatory reason for its failure to hire Boyd. See Jackson v. R.K.O. Bottlers of Toledo, Inc., 743 F.2d 370, 374-75 (6th Cir.1984). Defendants carried that burden by demonstrating that the successful applicant had superior work experience. Boyd then had the burden of establishing that this reason was a mere pretext for the alleged discriminatory action. Id. at 375. Boyd did not carry that burden. Therefore, there was no genuine issue as to any material fact and defendants were entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 9
 Accordingly, both the judgment of the district court dismissing Boyd's case and the order of the district court granting Boyd's motion for an extension of time are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George E. Woods, U.S. District Judge for the Eastern District of Michigan, sitting by designation